WINCKLER et al. v. WINCKLER.

(Supreme Court, Appellate Division, Second Department.  February 23, 1912.)

REFERENCE (§ 80*)—TERMINATION—GROUNDS—FAILURE TO DELIVER REPORT.

Where a referee unconditionally delivered his report to plaintiff's attorney within the time fixed by law, and the attorney requested the referee to permit the report to remain in his office while arrangements for the payment of the fees of the referee and stenographer were made, and the referee retained the physical possession of the report, subject to the control of plaintiff's counsel, the reference could not be terminated under Code Civ. Proc. § 1019, for the referee's failure to deliver the report.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 56, 117;  Dec. Dig. § 80.*]

Appeal from Special Term, Kings County.

Action by Frederick Winckler and another, executors of Louis Winckler, deceased, against Louis Winckler, individually and as executor of Louis Winckler, deceased.  From an order denying a motion of defendant to terminate a reference, he appeals.  Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Robert B. Bach, for appellant.
C. H. Payne, for respondents.

WOODWARD, J.  By an interlocutory judgment in the above-entitled action, entered on the 25th day of February, 1909, one George S. Billings was duly appointed referee to take and state the account of all and singular the dealings and transactions of the copartnership by and between the defendant and his deceased copartner, Louis Winckler.  The case was duly taken up, and hearings were had, and on the 5th day of October, 1909, the evidence was finally submitted to the learned referee for determination.  On the 10th day of November of the same year the referee notified plaintiffs' attorney that the report was ready for delivery, and the same was delivered on the same day to the plaintiffs' counsel;  the referee having offered to file the same in the proper office.  It seems that plaintiffs' counsel, after accepting delivery of the report, requested the referee to permit the same to remain in his office while counsel was arranging with his clients for the payment of the fees of the referee and stenographer, which aggregated about $1,400.  This was agreed to, and the report was left in the office of the referee.  On or about the 5th day of December the referee wrote to each of the attorneys in the case, calling attention to the fact that the report was still in his office, and asking what was to be done about it, evidently as a modest reminder that his fees were still unpaid, and on the following day defendant's attorney served notice of his election to terminate the reference under the provisions of section 1019 of the Code of Civil Procedure.  This notice was returned to defendant's attorney, with a statement that it was returned because defendant had no right to terminate the reference, and the notice was not returned to plaintiffs' attorney, and the latter

subsequently served a notice of a motion to confirm the referee's report and for judgment for the plaintiffs, which notice was retained by the defendant's counsel, and the latter proceeded to serve opposing affidavits in accordance with rule 37 of the General Rules of Practice.

Later, upon affidavits of defendant's counsel, this motion was made; it being urged that the referee had admitted to defendant's counsel that the report was not delivered at dates subsequent to the alleged delivery. Attention is also called to a finding of fact made by the learned referee five days after the delivery. This is explained by the statement that plaintiffs reserved the right to have a further request passed upon; but this is not material here. The fact that the referee may have thought he had a right to make a further finding after the delivery of the report does not operate to show that the report was not in fact delivered as stated. Plaintiffs' counsel swears positively that the report was delivered to him unconditionally upon the 10th day of November, 1909, well within the limit of time fixed by the Code of Civil Procedure, and the learned referee in an affidavit declares that this statement is true. There is no dispute upon this point, except the affidavit of defendant's attorney as to his understanding of certain conversations with the referee subsequent to the delivery; and it is easy to understand, from the explanations given, just how the referee had the physical possession of the report, while it was in fact delivered to the plaintiffs' attorney, who had control of the same at all the times mentioned subsequent to the 10th day of November.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.